891 F.2d 293
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Judy A. WILLIS, Defendant-Appellant.
 No. 89-3356.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1989.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and JAMES P. CHURCHILL, Chief District Judge*.
 PER CURIAM.
 
 
 1
 Defendant-appellant Judy A. Willis appeals from the sentence imposed by the District Court for the Southern District of Ohio, which sentence was an upward departure from the sentencing guidelines, pursuant to judgment entered following a guilty plea for the use of false identification documents and a false social security number.
 
 
 2
 On January 10, 1989, upon waiver of an indictment by Willis, an information was filed with the district court charging her with three counts: (1) producing a false identification document, an Ohio driver license in the name of Mary Ann Ciuffo bearing a false social security number, to BancOhio National Bank in violation of 18 U.S.C. § 1028(a)(1) and (c)(3); (2) producing the same false driver license to Trustcorp Bank, also in violation of the same statutes, and (3) with intent to deceive the State of Ohio, knowingly and falsely representing a social security account number to be the number assigned to her by the Secretary of Health and Human Services in violation of 42 U.S.C. § 408(g)(2). At the time of her arrest, Willis had in her possession 1,000 bank checks from two different branches of BancOhio, and was in the process of obtaining more from Trustcorp. On January 26, 1989, Willis pleaded guilty pursuant to a plea bargain.
 
 
 3
 In proceedings held April 13, 1989, after reviewing the presentence report, the district court sentenced Willis to 18 months in custody for each count, which was an upward departure from the maximum imposed by the sentencing guidelines by six months, to be served concurrently, and judgment was entered the same day. Pursuant to 18 U.S.C. § 3553(c)(2), the district court stated as its reason for the upward departure that the guideline neither adequately accounted for the potential harm and severity of Willis's involvement in the fraudulent scheme nor adequately accounted for her previous conviction for another fraudulent activity--petty theft for which she had received "some type of probation." She was also ordered to pay restitution for the balance of an outstanding automobile loan, to receive debt counseling following her release, and to serve three years of supervised release following the prison term.
 
 
 4
 Willis filed a timely appeal of the sentence, citing the court's departure from the sentencing guidelines as error. Appellant asserts that the guidelines fully accounted for the potential harm of her crime, as well as appellant's criminal history. She further asserts that the district court erred in relying on a misinterpretation of the facts in determining what potential harm might have resulted from appellant's crime.
 
 
 5
 Looking to the standards of review established by 18 U.S.C. § 3742(e) and by United States v. Rodriguez, 882 F.2d 1059 (6th Cir.1989), this court concludes that the district court was not in error. Accordingly, for the reasons articulated in the district court's sentencing hearing on April 13, 1989, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Hon. James P. Churchill, Chief United States District Judge for the Eastern District of Michigan, sitting by designation